# NORTON & CHRISTENSEN
ATTORNEYS AND COUNSELLORS AT LAW
60 ERIE STREET
POST OFFICE BOX 308
GOSHEN, NEW YORK 10924

(845) 294-7949
TELECOPIER (845) 294-7791

HENRY N. CHRISTENSEN, JR.*
HAROLD M. PRESSBERG*

IAN L. SCHLANGER*
*ALSO ADMITTED IN NEW JERSEY

JOHN T. MAYO
OF COUNSEL

March 31, 2008

United States District Judge Kenneth Karas
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

**MEMO ENDORSED**

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
FILED: _____

Re:   *Rogowski v. Town of Warwick, et al.*
      08 Civ 0517

Dear Honorable Sir:

We are the attorneys for Defendants Thomas Shuback and TSKS, LLC. We write with respect to March 28, 2008 letter by John J. Walsh, Esq., requesting a pre-motion conference.

TSKS, LLC, is the record owner of the property upon which the Town dumped the dirt and debris removed from Mt. Eve Road; Mr. Shuback is a member of TSKS, LLC.

My clients acknowledge that they had previously granted the Town permission to dump road debris on their property; there was no additional authorization granted in connection with Town's dumping of the debris which is the subject of this action. My clients deny that they conspired with any Town official to deny any of Plaintiffs' rights. They had no part in the Town's decision to removal of the debris from Mt. Eve Road to their property and did not cause the dirt to be transported or dumped. The Plaintiffs never requested that they refuse permission to the Town to permit the road dirt and debris to be dumped. My clients also deny that the Plaintiffs ever requested that they be granted permission to excavate and remove the dirt and debris from my clients' property.

Without such a demand, there is no cause of action for conversion. *State of New York v. Seventh Regiment Fund, Inc.*, 98 N.Y.2d 249, 260; 746 N.Y.S.2d 637, 646 (2002). Since my clients merely had previously authorized the Town use their property as a dumping ground, the Defendants have no obligation to refuse permission in this specific

NORTON & CHRISTENSEN

-2-

case and no obligation to transport the dirt and debris back to the Plaintiffs' property. If the Plaintiffs desire to remove the dirt and debris which was dumped, provide the requisite insurance and restore the property after removal, my clients will permit the Plaintiffs to remove the dirt and debris.

My clients would also seek permission to make a motion for summary judgment to dismiss the complaint.

Respectfully yours,

Harold M. Pressberg

CC: John J. Walsh, Esq.
    Robert N. Isseks, Esq.

HMP:le

*The Court will hold a pre-motion conference on May 21, 2008, at 9:00*

SO ORDERED

KENNETH M. KARAS U.S.D.J.
4/9/08