UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
MARK ROGOWSKI and NANCY ROGOWSKI,

                              Plaintiffs,

   -against-

JEFFREY FEAGLES, MICHAEL SWEETON,
THOMAS SHUBACK, TSKS, LLC and THE TOWN
OF WARWICK,

                              Defendants.
-------------------------------------------------------------------X

08 CIV 0517 (KMK)(MDF)

**FIRST AMENDED COMPLAINT**

DEMAND TRIAL BY JURY

      Plaintiffs, MARK ROGOWSKI and NANCY ROGOWSKI, by their attorneys, ROBERT N. ISSEKS and ALEX SMITH, allege as follows:

**The Parties**

      1. At all times hereinafter mentioned Plaintiffs were and remain residents of the County of Orange, State of New York, owning property located at 260 Mt. Eve Road in the Town of Warwick, and designated as Section 6, Block 4, Lot 23.1 on the Tax Map of the Town of Warwick.

      2. At all times hereinafter mentioned, Defendant Jeffrey Feagles ("Feagles") was and is the Commissioner of the Department of Public Works of the Town of Warwick, County of Orange, State of New York.  Feagles is being sued in his individual and official capacities.

      3. At all times hereinafter mentioned, Defendant Michael Sweeton ("Sweeton") was and is the duly elected Supervisor of the Town of Warwick, County of Orange, State

of New York. Sweeton is being sued in his individual and official capacities.

4. At all times hereinafter mentioned, Defendant Thomas Shuback ("Shuback") was and is a resident of the Town of Warwick, residing at 229 Mt. Eve Road, property comprising 2 parcels designated as Section 6, Block 2, Lot 70.1 and Section 6, Block 2, Lot 57.22 on the Tax Map of the Town of Warwick. Shuback is the son of Mickey Shuback, a duly elected member of the Town Board of the Town of Warwick.

5. At all times hereinafter mentioned, Defendant TSKS, LLC ("TSKS") is a limited liability corporation formed and organized pursuant to the laws of the State of New York in May, 2006. TSKS is the record owner of the property at 229 Mt. Eve Road, comprising 2 parcels designated as Section 6, Block 2, Lot 70.1 and Section 6, Block 2, Lot 57.22 on the Tax Map of the Town of Warwick. Upon information and belief, Defendant Shuback has a controlling interest in Defendant TSKS.

6. At all times hereinafter mentioned, the Town of Warwick, New York, was, and continues to be, a municipality located within the County of Orange and duly organized and existing under the laws of the State of New York. Part of the operations of said municipality is the management and operation of a Department of Public Works.

## Nature of Action and Jurisdiction

7. This is a civil action seeking compensatory and punitive damages against the Defendants Feagles, Sweeton, and Shuback, and compensatory damages against Defendant Town of Warwick, for committing acts under color of law which deprived Plaintiffs of rights secured under the Constitution and laws of the United States and

particularly under the provisions of the Fifth and Fourteenth Amendments of the Constitution of the United States, and under federal law, particularly Title 42 of the United States Code, Section 1983.

8. Each and all of the acts of the Defendants Feagles and Sweeton were done by them in their individual capacities under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York and under their authority as Public Works Commissioner and Supervisor, respectively, of the Town of Warwick, New York.

9. Each and all of the acts of Defendants Shuback and TSKS were done by them acting in concert and conspiracy with Defendants Feagles and Sweeton.

10. Jurisdiction is conferred on this Court by 28 USC 1331 and 1343.

11. This Court's supplemental jurisdiction is also invoked to assert Plaintiffs' New York State common law claim of conversion.

**Plaintiffs' Statement of Claims**

12. On April 16, 2007, a severe storm struck near Plaintiffs' property in the Town of Warwick. The storm's heavy rains caused a massive landslide of dirt from Plaintiffs' property to travel downhill onto Mt. Eve Road.

13. After the storm abated, and still on April 16, 2007, Defendants Feagles, Sweeton and Shuback arrived at Plaintiffs' residence. The Defendants refused Plaintiff Mark Rogowski's request for the return of approximately 1000 cubic yards of Plaintiffs' dirt then lying on or about Mt. Eve Road.

14. Instead of returning Plaintiffs' dirt to Plaintiffs' property, or to the nearest available location, Defendants, acting individually and in concert, caused the dirt to be transported to the aforesaid property of TSKS and Shuback, son of Town Board member Mickey Shuback.

15. Over the several years preceding April, 2007, TSKS and Shuback, with the knowledge of the other defendants, had been dumping dirt and fill onto their aforesaid property in an area just off the highway for the ostensible purpose of preparing that area for development.

16. Upon information and belief, defendants Feagles, Sweeton and the Town of Warwick knew that TSKS and Shuback were in the process of dumping dirt and fill onto the aforementioned area of their property and that TSKS and Shuback would benefit from the dumping of Plaintiff's dirt on that area in that it would further that area's development.

17. Defendants, acting individually and in concert, determined to deprive Plaintiffs of their property, to wit, the dirt, and to benefit Shuback and TSKS by delivering said property to Shuback and TSKS who took possession and ownership of same.

18. The transportation by Defendants of Plaintiffs' dirt to TSKS' and Shuback's property was unnecessary and without the consent of the Plaintiffs and was done despite the objections of Plaintiff Mark Rogowski. Specifically, on the day following the landslide, while the dirt was being removed by the Defendants, Plaintiff Mark Rogowski

arrived at the scene and asked Defendant Feagles to leave some dirt for him. Feagles simply smiled and did not say anything. Then, right after Mark Rogowski said to Feagles, "Don't make a pig of yourself, just leave me something", Defendant Shuback and his brother Kevin Shuback, who were standing right there, just laughed.

19. By virtue of the conduct of Defendants, Plaintiffs have been and will be forced to incur substantial expenses in replacing the dirt converted by Defendants.

20. By virtue of their positions, Defendants Feagles and Sweeton are policymakers of the Town of Warwick, and acted in such capacity in all of the aforesaid actions.

21. Defendant Sweeton subsequently stated that the transportation of Plaintiffs' dirt to TSKS' and Shuback's property was done pursuant to Town of Warwick policy. More specifically, in a January 30, 2008, Times Herald Record newspaper article, Sweeton is reported as stating that it is the Town's practice to take debris such as plaintiffs' to the nearest farm.

22. Upon information and belief, the farm nearest to plaintiffs' property, which was both suitable and available for receiving Plaintiffs' dirt, is Stanley Osczepinski's farm located on 234 Mt. Eve Road, not Shuback's property where the dirt was dumped, which is located at 339 Mt. Eve Road, and thus the Defendants' conduct was in violation of the Town's policy.

23. The acts, conduct and behavior of Feagles, Sweeton and Shuback were performed knowingly, intentionally, maliciously, with callous and depraved indifference

to the rights of Plaintiffs. By reason of the foregoing, Plaintiffs are entitled to awards of both compensatory and punitive damages.

24. By virtue of Feagles', Sweeton's, and Shuback's conduct as described herein, Plaintiffs were denied the following rights, privileges and immunities secured to them by the Constitution of the United States:

    (a) the right to due process of law secured by the Fourteenth Amendment;

    (b) the right to equal protection of the law guaranteed by the Fourteenth Amendment.

25. The acts, conduct and behavior of the Defendants also constituted the tort of conversion under the common law of the State of New York.

26. On or about the 13th day of July, 2007, and within ninety days after the claim upon which this action is based, the Plaintiffs served a Notice of Claim upon the Defendant Town of Warwick, in full compliance with the provisions of the General Municipal Law of the State of New York.

27. The one year and ninety day requirement with respect to the service of pleadings has been complied with.

28. By reason of the foregoing, and because Feagles, Sweeton and Shuback acted with wanton and unconscionable disregard for Plaintiffs' rights, privileges, welfare and well-being, Plaintiffs are entitled to awards of punitive damages against Feagles, Sweeton and Shuback.

29. By virtue of the foregoing, and because Defendants Feagles and Sweeton are

policymakers of the Town of Warwick, and acted in such capacity in all of the aforesaid actions, Plaintiffs are entitled to awards of compensatory damages against the Town of Warwick.

WHEREFORE, Plaintiffs asks this Court to:

A.  Issue an order adjudging and declaring that the Defendants' conduct, acts and/or omissions violated Plaintiffs' rights under the Fourteenth Amendment of the United States Constitution;

B.  Award Plaintiffs compensatory damages against the Defendants in amounts to be determined by the Court;

C.  Award Plaintiffs punitive damages against the Defendants Feagles, Sweeton and Shuback in amounts to be determined by the Court;

D. Award Plaintiffs the costs and disbursements of this action;

E.  Award Plaintiffs reasonable attorney fees; and

F.  Grant Plaintiffs such other and further relief as to this Court may seem just and proper.

Dated: June 19, 2008

s/*Robert N. Isseks*                              s/*Alex Smith*
_____       _____
ROBERT N. ISSEKS, ESQ. (RI 0241)        ALEX SMITH, ESQ. (AS 5052)

Attorneys for Plaintiffs
6 North Street
Middletown, New York 10940
(845) 344-4322